Pee Cubiam.
We see no defense to this action on the facts ■proved, or offered to be proved. The plaintiff’s intestate conveyed the premises in question to the defendant, H. H. Hall, *854 and took back the mortgage in suit, which is in terms given to-secure a part of the purchase money.
If a mortgagor can be permitted to overthrow the bond and mortgage in the manner attempted in this case, there would be no safety in such securities. We think he is concluded by the instruments executed under his hand and seal.
The defendant J. O. Hall, accepted a deed of the premises subject to the plaintiff’s mortgage, and is estopped from questioning its validity.
The attempted defense that the mortgage was given to protect the property from apprehended claims against the mortgagor, is clearly insufficient. The creditors of the mortgagor-might have attacked the mortgage on that ground but not the mortgagor himself.
Defendant is given the full benefit of the lease from plaintiff’s intestate, by the provision that the premises shall be sold, subject to such lease. He complains that it may still be sold under an execution issued upon a judgment for deficiency in this action But there was no contract that the lease should be exempt from all claims of creditors, and the lessor is not deprived of any of his remedies as mortgagee, simply because he gave the lease.
We see no error committed to the injury of the defendants* and therefore affirm the judgment with costs.